FRANK H. SMITH, commissioner of banking and insurance of the State of New Jersey, complainant-respondent,

*v.*

MONMOUTH TITLE AND MORTGAGE GUARANTY COMPANY, a corporation, et al., defendants-appellants.

[Submitted May 26th, 1933.  Decided September 27th, 1933.]

*Mr. Arthur F. Egner,* for the appellants.

*Mr. Charles J. Stamler,* for the respondent.

The opinion of the court was delivered by

PARKER, J.

The appeal is by two bondholders' committees representing bondholders and certificate holders of Monmouth Title and

Mortgage Guaranty Company from a decree made by the court of chancery on the advice of Vice-Chancellor Buchanan, which decree determined that there had been defaults in the performance of the terms and conditions of certain trust indentures which required liquidation of the trust estates and appointed Frank H. Smith (who as commissioner of banking and insurance had instituted the proceedings but was appointed in his personal capacity) trustee in liquidation, and enjoining the bondholders and certificate holders from commencing suit, &c.

The Monmouth Title and Mortgage Company has entered into four trust indentures: (1) To the Ocean Grove National Bank as trustee, under which $1,258,800 mortgage certificates had issued; (2) to the Asbury Park Trust Company, now Asbury Park National Bank and Trust Company, as trustee, under which $310,000 bonds were issued; (3) to the Asbury Park and Ocean Grove Bank as trustee, under which $50,000 participating certificates had been issued; (4) to the Asbury Park and Ocean Grove Bank, under which $1,605,000 bonds had been issued. On December 24th, 1931, the Ocean Grove National Bank was closed by the comptroller of currency and a receiver was appointed. On the same day the Asbury Park and Ocean Grove Bank, being insolvent, was, pursuant to a resolution of its board of directors, taken over by the commissioner of banking and insurance. The Asbury Park National Bank and Trust Company, although solvent and doing business, desired to be relieved of its trust. On December 29th, 1931, the Monmouth Title and Mortgage Guaranty Company became insolvent and pursuant to a resolution of its board of directors, the commissioner of banking and insurance took possession of its business and property.

The bill of complaint was filed January 5th, 1932, by the commissioner of banking and insurance. Among the prayers was that the court take over and administer the trusts and that a trustee or receiver be appointed to take charge of the assets and property of the company. On the day of the filing of the bill an order was made appointing Frank H. Smith, complainant, commissioner of banking and insurance, as trustee *pendente lite,* bringing in numerous parties as de-

fendants and containing an order to show cause returnable January 26th, 1932. Apparently the matter was continued to June 7th, 1932, when a decree *pro confesso* was taken against numerous defendants. Thereafter, on June 13th, an appearance was entered by Flint et al., protective committee of the holders of bonds and certificates issued by the Monmouth Title and Mortgage Guaranty Company. The final hearing was on July 12th, 1932. At that final hearing a majority of the bondholders seem to have requested the appointment of Second National Bank and Trust Company of Red Bank as trustee to administer the trusts. The court did not recognize any legal requirement in such request. It admitted that serious consideration should be given thereto, but nevertheless considered that under the stress of the circumstances an individual would be better equipped to manage the trusts than the bank and appointed Mr. Smith by final decree dated November 29th, 1932.

That decree is appealed from, and the gravamen of the appeal is that the vice-chancellor disregarded the request by a major part of the bondholders in appointing Mr. Smith, and in not appointing the Second National Bank and Trust Company as desired by them.

In the trust agreement between the Monmouth Title and Mortgage Guaranty Company and the Asbury Park and Ocean Grove Bank, the third of the trust agreements above referred to, there was a provision for the appointment of a successor trustee by the holders of at least a majority of the principal amount of the bonds then outstanding, but there was no such provision in any of the other trust agreements, so that while it is true that a majority of the bondholders in form requested the appointment of the Red Bank institution, the agreement by the bondholders upon that point was conditioned upon the proposition that the court should select that institution as trustee under all the trusts. It seems to have been the understanding among the bondholders and their committees that it was unwise to have two or more trustees and that, if the court would appoint but one, they recommended the Red Bank bank. That obviously was a conditional recommendation. The bond-

holders did not have the right to appoint a trustee under the remaining trusts, and if, as seems to have been quite within the discretion of the court, it was the court's conclusion that the Red Bank institution should not be appointed for the remaining three trusts, then the agreement fell. The conclusion of the court was that the Red Bank institution should not be appointed to all of the three remaining trusts. It seems clear that notwithstanding the clause in the trust deed, the jurisdiction of the court remained and that the matter was one of discretion with the vice-chancellor, and, lacking proof of an abuse of that discretion, the decree below should be affirmed.

As to the view expressed by the vice-chancellor that the management of the several trusts was a matter inappropriate for the corporation conditionally recommended by the bondholders, we express no opinion at this time, and rest our affirmance on the proposition that the selection of a trustee was within the power and discretion of the court of chancery, and that the record does not indicate to us any abuse of that discretion.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, DEAR, WELLS, DILL, JJ. 13.

*For reversal*—None.